**Filed in Clerk's Office**

STATE OF INDIANA ) DEC 02 2009   IN THE LAKE SUPERIOR COURT
COUNTY OF LAKE

RAINER J. SWAFFORD,

   Plaintiff,

v.   Cause No.: **45D02091 2CT257**

MEADE ELECTRIC COMPANY, INC.

   Defendant.

## COMPLAINT

Plaintiff Rainer J. Swafford, by and through his attorneys, Smith & DeBonis, LLC, by Adrian P. Smith, files his complaint against Defendant Meade Electric Company, Inc.. For his complaint, Plaintiff states:

1. Plaintiff Rainer J. Swafford ("Swafford") is a resident of the state of Indiana, county of Lake, and resides in Hammond, Indiana. At all times relevant to this Complaint, Swafford was 51 years of age.

2. Defendant Meade Electric Company, Inc. ("Meade") is a corporation duly formed and organized under the laws of the state of Illinois, with its principal place of business in Illinois.

3. Since June 19, 2008, Meade employed Swafford as a journeymen electrician at the BP Refinery in Whiting, Indiana. At the time of his employment with Meade, Swafford was a member of the International Brotherhood of Electrical Workers Local 697, as a Group I electrician.

4. Throughout his employment with Meade, the work records of Swafford have been consistently satisfactory.


EXHIBIT A

5. On or about March 6, 2009, Meade informed Swafford that his services were no longer needed, and that Swafford was being involuntarily terminated, effective immediately.

6. Meade's action in terminating Swafford as herein described was willful and based in determinative part upon the age of Swafford in violation of rights secured to them by Section 623(a) of the Age Discrimination in Employment Act.

7. Meade has intentionally and willfully engaged in a series of unlawful acts, practices, policies and procedures in violation of the Act. These several practices have been part of a systematic and concerted staff reduction program and/or layoff ostensibly designed, *inter alia*, to reduce operating expenses by means of lay-offs and terminations. Several Meade electricians were laid-off or terminated as part of the scheme implemented by Meade.

8. Upon information and belief, the company's lay-off procedure and scheme has reflected, in both purpose and effect, a blatant and willful pattern of age discrimination. The company's discriminatory activities have included, but have not been limited to, the following:

   (a) Designing, establishing, implementing, and maintaining employee retention and elimination procedures, policies and practices which have been unlawful and discriminatory in purpose and/or impact in terminating from employment qualified persons who are at least the age of 40 because of their age;

   (b) Designing, establishing, implementing, and maintaining employee promotion, demotion, transfer and assignment procedures and practices which have been unlawful and discriminatory in purpose and/or impact in depriving qualified persons who are at least 40 years, because of their age, of the same opportunities as are and were available to persons under the age of 40;

   (c) Establishing, implementing, and maintaining other employment policies and practices which have been motivated by financial and cost-cutting considerations which in purpose and/or impact have otherwise adversely affected the employment status of persons who are at least 40 years of age.

2

8. As a consequence of the foregoing, Meade's scheme has produced both a disparate adverse treatment of and a disparate adverse impact upon employees who are at least 40 years of age, including Swafford. In particular, the scheme has caused, directly and indirectly, the disproportionate elimination from the company's job ranks of substantial numbers of employees who are at least 40, including Swafford.

9. On or about March 10, 2009, within the time prescribed by 29 U.S.C.A. § 626(d) of the Act, Swafford filed a charge and complaint of age discrimination against Meade under the Act with the Equal Employment Opportunity Commission ("EEOC").

10. In substance, said charge asserted that the Meade's termination of Swafford constituted age discrimination against Swafford in that it wrongfully and involuntarily terminated them from employment because of age. On September 11, 2009, the EEOC issued its right to sue letter.

WHEREFORE, Plaintiff Rainer J. Swafford prays that this Court enter a judgment in his favor and against Defendant Meade Electric, and award Swafford his entitled backpay; forward pay; liquidated damages; declaratory judgment; injunctive and affirmative relief requiring, inter alia, that the Defendant reinstate the Plaintiff; compensatory damages as may be provided pursuant to state and federal law, attorney and counsel fees; and such other relief as may be necessary to secure to Plaintiff the right hereafter to be free of employment discrimination on account of age.

Respectfully Submitted,

Adrian P. Smith
Attorney No. 24399-45
Smith & DeBonis, LLC
9696 Gordon Drive
Highland, Indiana 46322
(219) 922-1000

3

## JURY DEMAND

Plaintiff Rainer J. Swafford herein demands a trial by jury.

Respectfully Submitted,

Adrian P. Smith
Attorney No. 24399-45
Smith & DeBonis, LLC
9696 Gordon Drive
Highland, Indiana 46322
(219) 922-1000

4